Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 5404 | DATE | 8/28/2000 |
| CASE TITLE | Wagner vs. Ocwen Federal Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, plaintiff's motion to strike defendant's reply memorandum is denied as moot. The case is set for a status hearing on September 7, 2000 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 29 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 31 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 AUG 28 PM 4:24 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH WAGNER,  )
 )
        Plaintiff,  )
 )
vs.  )  Case No. 99 C 5404
 )
OCWEN FEDERAL BANK, FSB,  )
and JOHN DOES 1-10,  )
 )
        Defendants.  )

DOCKETED

AUG 2 9 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Deborah Wagner alleges that Ocwen Federal Bank inappropriately asked her to repay a mortgage loan she says was discharged in bankruptcy. Wagner filed a five-count complaint against Ocwen: Count 1 alleges that Ocwen's attempts to collect violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e; Counts 2 and 3 are claims under section 524 of the Bankruptcy Code, 11 U.S.C. §524, which governs bankruptcy discharges; Count 4 is a claim to recover for unjust enrichment; and Count 5 is a claim under the Illinois Consumer Fraud Act, 815 ILCS 505/2. The Court previously dismissed Counts 2 and 3 without prejudice, concluding that those claims could be brought, if at all, only in the Bankruptcy Court. *See* Transcript of oral ruling of Nov. 23, 1999.

Ocwen now argues that Wagner's remaining claims should be dismissed because her right to seek relief in the Bankruptcy Court under the Bankruptcy Code is her exclusive remedy, preempting her right to relief under both the FDCPA and state law. For the reasons set forth

below, we deny Ocwen's motion.

## Facts

Because Ocwen has moved to dismiss the complaint for failure to state a claim, we take the complaint's allegations as true, construe those allegations liberally, and draw reasonable inferences in Wagner's favor. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998).

Wagner filed a Chapter 7 petition in Bankruptcy Court and received a discharge of her debts in October 1997. Among the debts discharged was a note secured by a mortgage of real property in Carpentersville, Illinois. The note and mortgage were held by the United States Department of Housing and Urban Development. After the discharge, for reasons that are not clear, HUD assigned the note and mortgage to Ocwen, which is in the business of purchasing and collecting defaulted debts. Wagner alleges that Ocwen made several attempts to collect the discharged debt. She also says that in March 1998, she told Ocwen that the debt had been discharged, but Ocwen continued to try to collect. In August 1999, Wagner filed this lawsuit.

## Discussion

The Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of the debt is waived." 11 U.S.C. §524(a)(2). A creditor who violates the discharge injunction is subject to being held in contempt by the Bankruptcy Court, and in an appropriate case that Court may be able to award the debtor damages in connection with a contempt finding. *See, e.g., Cox v. Zale Delaware, Inc.*, 242 B.R. 444, 448 n.1 (N.D. Ill. 1999); *Bessette v. AVCO Financial*

2

*Services, Inc.*, 240 B.R. 147, 155 (D.R.I. 1999).

None of the cases cited by Ocwen, however, hold that contempt is the *exclusive* federal remedy for a debtor who is the subject of an attempt to collect a discharged debt. Wagner has stated a claim for violation of the FDCPA; a creditor who seeks to collect on a debt that no longer exists violates the statute. *See* 15 U.S.C. §1692e(2)(A). What Ocwen wants the Court to hold is that Wagner's otherwise-available FDCPA remedy is precluded because another federal statute provides her with a remedy. But this type of preclusion (sometimes referred to as a "repeal by implication") is not favored; as the Seventh Circuit has recently stated, "'it is a cardinal principle of construction that [when] there are two acts upon the same subject, the rule is to give effect to both.' Congressional intent behind one federal statute should not be thwarted by the application of another federal statute if it is possible to give effect to both laws." *United States v. Palumbo Brothers, Inc.*, 145 F.3d 850, 862 (7th Cir. 1998) (quoting *United States v. Borden*, 308 U.S. 188, 198 (1939)).

Ocwen argues that the result in this case is governed by this Court's recent decision in *Gray-Mapp v. Sherman*, No. 98 C 5423, 1999 WL 1893911 (N.D. Ill. Oct. 21, 1999).[1] In that case, the defendant had filed a proof of claim in the plaintiff's Chapter 13 bankruptcy case. The plaintiff did not object to the proof of claim, and her Chapter 13 plan was confirmed by the bankruptcy court, including a provision that she pay all claims (including the defendant's) at 100%. Six months after the bankruptcy court's confirmation of the plan, the plaintiff filed a

---

[1] *Gray-Mapp* mistakenly appeared in the advance sheets for Federal Supplement at 100 F. Supp. 2d 810. The case will not appear in the bound volume and the Court is therefore using the Westlaw cite. Because of the reporting error, Westlaw's usual "star" page references are not available at this time.

FDCPA case in this court, alleging that the defendant had knowingly filed an inflated claim. We noted that the Bankruptcy Code had provided the plaintiff with a specific means to challenge the proof of claim and concluded that she should not be permitted to bypass that mechanism by raising as a FDCPA claim what was really a dispute over the amount of the proof of claim. To allow this, we said, would contravene the Code's central purpose, which is "'to adjudicate and conciliate all competing claims to a debtor's property in one forum and one proceeding.'" *Id.*, at *__ (quoting *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, No. 98 C 4280, 1999 WL 284788 (N.D. Ill. Apr. 26, 1999) (Coar, J.)).

We do not see Wagner's FDCPA claim as posing the same danger. Her claim can be determined without doing violence to the Bankruptcy Code's purpose of adjudicating all claims in a single proceeding. Unlike Ms. Gray-Mapp, Wagner has not attempted to bypass any remedies provided to her under the Code while her bankruptcy petition was pending; indeed she could not have raised these issues there, because all of Ocwen's activities post-dated the conclusion of her bankruptcy case. Ocwen did not not become a "creditor" of Wagner until after the bankruptcy case was over, which means Wagner had no real way of bringing Ocwen into the bankruptcy case when it was pending. Moreover, Wagner's FDCPA claim, at its foundation, is no different from that of any other debtor who is dunned by a creditor who in fact is not owed any money; the fact that her debt was discharged in bankruptcy does not logically differentiate her case from that of a debtor whose debt was discharged in some other way.

Ocwen suggests that there is some confusion concerning the status of Wagner's debt; the debt was discharged, yet Wagner remains in possession of the property that was used to secure the debt. It argues that such uncertainties may present issues best resolved in the bankruptcy

4

court. But if Ocwen thought some mistake occurred in conjunction with Wagner's bankruptcy case, there was and is nothing to prevent it from seeking relief from the discharge in that court. The possibility that the bankruptcy court might eventually make a finding or conclusion that arguably affects Wagner's claim is not enough to cause this Court to conclude that she should be deprived of her right to seek relief under the FDCPA.

We reach the same result concerning Wagner's state law claims, Counts 4 and 5. Ocwen argues that these claims are preempted by the same Bankruptcy Code provision that it contended preempted Wagner's FDCPA claim. It relies primarily on *Cox* and *Bessette*. But the courts in both of those cases held that bankruptcy law preempted the field; in *Cox*, the court relied on the fact that "there would be no cause of action absent the [Bankruptcy] Code in this case." *Cox*, 242 B.R. at 450. The same is not true here.

### Conclusion

For the foregoing reasons, the Court denies defendant's motion to dismiss. Plaintiff's motion to strike defendant's reply memorandum is denied as moot. The case is set for a status hearing on September 7, 2000 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: August 28, 2000